UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL OTTO HARTMANN, in propria persona, As Trustee for Lakeview Trust, | Case No. 16-CV-3970 (PJS/BRT) |
| Plaintiff, | ORDER |
| v. | |
| DAVID E. SCHAUER, individually and Official Capacity; JOHN DOES 1-10, | |
| Defendants. | |

Michael Otto Hartmann, pro se.

Jason M. Hill, JARDINE, LOGAN & O'BRIEN, PLLP, for defendant David E. Schauer.

Plaintiff Michael Hartmann filed a 44-page, 29-count[1] complaint against defendant David Schauer and other unnamed defendants. Hartmann's complaint is largely incoherent, full of the sort of irrelevant, out-of-context legal gibberish common to tax protesters and adherents of the "sovereign citizen" movement. To the extent that the complaint is comprehensible, it mainly arises out of defendants' alleged roles in (1) enforcing a court order requiring Hartmann to replace a noncompliant septic system and (2) rejecting Hartmann's altered voter-registration forms.

---

[1] Hartmann's complaint contains two claims labeled "Fifth Cause of Action." Compl. at 35.

In a July 5, 2017 Report and Recommendation ("R&R"), Magistrate Judge Becky R. Thorson recommends granting Schauer's motion for judgment on the pleadings as to Hartmann's federal claims and declining to exercise jurisdiction over any possible state-law claims. Judge Thorson further recommends denying Hartmann's motions for judgment on the pleadings, to voluntarily dismiss this action, and to take judicial notice of the complaint.

This matter is before the Court on Hartmann's objection to the R&R. Having conducted a de novo review, *see* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), the Court agrees with Judge Thorson's analysis. Only three matters merit comment:

*First*, the Court agrees that all of Hartmann's claims regarding the septic system rely on his (frivolous) argument that the settlement stipulation that he signed is somehow invalid or without effect. That stipulation was incorporated into a court order, however, *see* Hill Aff., Feb. 2, 2017, Ex. 3, which independently requires Hartmann to replace the septic system. Hartmann's attacks on the validity of the settlement stipulation are therefore attacks on the validity of the court order. Under the *Rooker-Feldman* doctrine,[2] the Court does not have jurisdiction to invalidate a state-court order. Hartmann's claims regarding the septic system must therefore be dismissed

---

[2]*See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

without prejudice.[3] *See Crooks v. Lynch*, 557 F.3d 846, 849 (8th Cir. 2009) (dismissals for lack of jurisdiction should be without prejudice).

*Second*, Hartmann purports to bring this action at least partly in his capacity as trustee for the Lakeview Trust, which, so far as can be gleaned from the complaint and attached materials, is the owner of the property that is the subject of the septic-tank enforcement efforts. A non-lawyer cannot represent a trust in federal court. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). Nothing in the record suggests that Hartmann is a lawyer. To the extent that Hartmann's complaint asserts claims on behalf of the Lakeview Trust, therefore, such claims are dismissed without prejudice.

*Finally*, Hartmann appears to assert some kind of claim under 5 U.S.C. § 552a. *See* Compl. at 41. To the extent Hartmann has purported to bring such a claim or any other miscellaneous claim under federal law, they are dismissed as incoherent and inadequately pleaded.

ORDER

---

[3] Even if the Court had jurisdiction over these claims, the Court agrees with Judge Thorson that Schauer would be entitled to absolute immunity against any damages claims and that *Younger* abstention would be appropriate with respect to claims for prospective injunctive relief. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (*Younger* abstention is appropriate in civil-enforcement proceedings that are akin to criminal prosecutions and to proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts.").

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the July 5, 2017 R&R [ECF No. 41] to the extent it is consistent with this order. IT IS HEREBY ORDERED THAT:

1. Defendant's motion for judgment on the pleadings [ECF No. 9] is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent that the Court dismisses some claims with prejudice, and it is DENIED to the extent that the Court dismisses some claims without prejudice.

2. The Court declines to exercise jurisdiction over any state-law claims that may be pleaded in the complaint, and such claims are DISMISSED WITHOUT PREJUDICE.

3. To the extent the complaint asserts any claims on behalf of the Lakeview Trust, such claims are DISMISSED WITHOUT PREJUDICE.

4. All federal claims relating to the enforcement of the septic-tank order are DISMISSED WITHOUT PREJUDICE.

5. To the extent the complaint asserts claims against additional, unnamed defendants, those claims are DISMISSED WITHOUT PREJUDICE.

6. All remaining claims are DISMISSED WITH PREJUDICE.

7. Plaintiff's motions for judgment on the pleadings, for voluntary dismissal, and to take judicial notice of the complaint [ECF Nos. 19, 30, 40] are DENIED.

8. Plaintiff's reply and attached exhibit [ECF No. 47] are STRICKEN as unauthorized by the local rules of this District. *See* D. Minn. L.R. 72.2.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 18, 2017  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge